## Pilgrim Coal Company, et al. v. Parsley.

(Decided November 10, 1922.)

### Appeal from Martin Circuit Court.

1. Deeds—Avoidance.—The effect of a deed that has been duly executed and delivered can not be avoided by a party thereto upon the ground that he did not intend or understand it to mean what it says, there being no claim that the mistake, if any, was mutual.

2. Deeds—Quit Claim Deed—Evidence.—Evidence of the party who executed and delivered a quit claim deed that the deed covered not only the land belonging to the grantee and that it was intended to be included but also land belonging to him and which he did not intend to convey, does not prove the lack of a good consideration or that the deed was fraudulently procured.

W. R. McCOY for appellants.

J. B. CLARK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action to enjoin trespass, the defendants, now appellants, denied plaintiff's alleged title to the land involved, asserted title in the defendant, Pilgrim Coal Company, pleaded limitations, and that plaintiff was estopped to assert title to the land by reason of the fact that he had executed and delivered to the coal company a quitclaim deed thereto.

Plaintiff traversed the other affirmative defenses, and in avoidance of the plea of estoppel alleged that the quitclaim deed, which he admitted he executed, was without consideration, was procured by fraud, and was never intended or understood by him to include the land in dispute, which allegations were traversed by defendants.

Convinced that plaintiff failed to sustain his plea of avoidance, it is not necessary that we discuss the other questions raised, although we are of the opinion that he also failed to prove title by adverse possession, as was his attempt, and that defendants proved title derived from the Commonwealth.

The following recital is found in the quitclaim deed from Parsley to the coal company:

"Witnesseth, that whereas, some years ago the said John Parsley leased from the party of the second part for an indefinite period a small parcel of land situate on Wolf creek just above the mouth of Big branch in Martin county, Ky., and hereinafter more particularly described; and, whereas, the said party now desires that possession thereof be restored to it;

"Now, therefore, in consideration of the premises and for considerations passing between the parties hereto, receipt by each to the other being hereby acknowledged, the parties of the first part do hereby release, deliver over and forever quitclaim, unto the party of the

second part, the said parcel of land, which is described as follows.''

Then follows an accurate description of a tract of land stated to contain about 4½ acres, which the evidence shows without contradiction includes the smaller tract involved in this litigation.

There is absolutely no proof whatever that plaintiff was induced to execute the deed by any fraudulent representations upon the part of the defendant. Upon the other hand, it was shown that no one was present representing the defendant when plaintiff and his wife executed the deed and sent it to the defendant. He admitted not only his ability to read, but that the deed was correctly read to him before he signed it. It also appears from the evidence without contradiction that plaintiff had used the tract of land described in the deed as a calf lot for some years, and he himself admits that a part if not most of it belongs to the defendant and was so occupied and used by him as a calf lot by reason of defendant's consent granted at his request.

In fact he only claims now, as we understand his evidence, that the land described in the deed contains not only what he acquired the right to occupy and use from defendant and intended to quitclaim to it, but a part of his own land as well. It is therefore clear, we think, from plaintiff's own evidence, that the fault in the deed, if any, is not a lack of a good and sufficient consideration to support it or that its execution was obtained by fraud, but is simply an error in describing the land intended to be affected by it; and even this suggested error he does not claim either in his pleadings or in his proof was the result of a mutual mistake of the parties. Indeed, he only pleads and says in his evidence that he did not intend or understand that the description should cover the land in dispute, which hardly seems possible since the land is not only described by courses, distances and calls for trees or fixed objects as corners, but in addition names the old lines, fences, creeks, etc., with which the lines run, so that we do not see how one who was familiar with the land and all of these objects as was plaintiff could have heard the deed read as he did without knowing just what land was included.

But, however that may be, it is certain that some more substantial reason must be presented before a deed can be avoided than the bare statement of a party there-

to that he did not intend or understand it to mean what it says.

We are therefore clearly of the opinion that the plaintiff failed to establish any of the grounds asserted in avoidance of the quitclaim deed he executed to the defendants, and that he is thereby estopped from asserting title to the land in dispute, which is covered by the deed. It follows that the chancellor erred in granting plaintiff the relief he sought and in not dismissing his petition.

Wherefore, the judgment is reversed, and the cause remanded with directions to dismiss the petition.